## J. T. WILLIAMS V. A. B. AND M. A. CLAUNCH.

Decided October 24, 1906.

**Contract—Will or Deed—Revocation.**

By a contract between a mother and son he agreed that he would take charge of land of which each owned an undivided half, would cultivate it, keep up improvements, pay taxes, and pay her a fixed part of the proceeds, in default of which she might take possession and rent it for her support, and that at her death "I shall become sole owner." She recited that, in consideration of the execution and carrying out of his agreement, it was and would be her purpose to bequeath the property to him at her death, and that "this shall be my last will and testament." On his failure to comply she took possession, and, before her death, conveyed her interest to other children. Held, that the instrument was testamentary and revocable, and that her interest passed by the conveyance to the other children, and could not be recovered from them by the grantee of the son.

Appeal from the District Court of Johnson County. Tried below before Hon. O. L. Lockett.

*Davis & Davis,* for appellant.—Under the articles of agreement made by C. G. Claunch and M. A. Claunch on February 28, 1896, taken in connection with the other facts of this case, it is evident that it was the intention of Mrs. M. A. Claunch by said agreement to only reserve to herself a life estate in the land here in controversy, in case C. G. Claunch carried out his part of the agreement; and that the fee should pass to C. G. Claunch contingent only upon his complying with his part of the agreement. Chavez v. Chavez, 13 S. W. Rep., 1018; Ward v. Ward, 48 S. W. Rep., 411; Emery v. Darling, 33 N. E. Rep., 715; Goad v. Laurence, 68 S. W. Rep., 411; Evenson v. Webster, 44 Am. St. Rep., 802.

*E. L. Stovall* and *Stanford & Watkins,* for appellee.—Giving the instrument its most favorable construction for the plaintiff, it could be no more than a conditional will and was revocable during the life of the old lady and she did revoke it by repossessing herself of the place and renting it herself and by the execution of the deed to A. B. Claunch and wife, M. M. Claunch. De Bajligethy v. Johnson, 23 Texas Civ. App., 275; Naugher v. Patterson, 9 Texas Civ. App., 176.

EIDSON, ASSOCIATE JUSTICE.—The statement of the nature and result of the suit given in appellant's brief appears to be correct, and is as follows:

"This suit was brought in the District Court of Johnson County by J. T. Williams, the plaintiff, against A. B. and M. A. Claunch on the 27th day of July, 1905, to recover the land described in plaintiff's first amended petition, same being 90 or 93 acres of land in Johnson County. The amended petition was in the regular form of trespass to try title, and was indorsed as required by the statute. Plaintiff further states in said petition that on or about February, 1896, A. B. and M. M. Claunch, defendants in this case, J. P., E. D., B. H. and Sophionie Claunch, W. A. and F. L. Rice, each and all executed and delivered

their warranty deed to C. G. Claunch for a valuable consideration to the above described land. That the grantors and grantee in said deed were all the children living of A. J. Claunch at the time of his death. That on or about February 28, 1896, M. A. Claunch, the widow of said A. J. Claunch, executed and delivered for a valuable consideration to said C. G. Claunch her deed or instrument in writing together with C. G. Claunch, whereby she conveyed all her interest in the above described land to said C. G. Claunch, his heirs and assigns forever subject to her life estate, and made a copy of said instrument a part of the petition, marked exhibit A. That by the execution and delivery of said instrument it was the purpose and intention of M. A. Claunch to vest in C. G. Claunch all her right and title in said land, except her life estate; that C. G. Claunch so understood and accepted same, and that said C. G. Claunch took actual possession of said land, and that he and his assigns have used and cultivated said lands, kept up all improvements thereon and paid all taxes due thereon, and paid over from the date of said instrument up to her death, the rents of said land; that she accepted same; that she and those claiming under her were estopped from claiming said land since the death of M. A. Claunch, which occurred in the latter part of the year 1904, etc.; and prayed for a recovery of said land and damages against the defendants.

"Defendants filed their first amended answer October 25, 1905, in which they excepted to plaintiff's first amended petition, and a general denial, and a special answer in which they set up that they were the owners in fee simple of one undivided half of the land described in plaintiff's first amended petition, and disclaimed as to the other half.

"The case was tried before a jury and a verdict was returned into court October 26, 1905, for the plaintiff for one-half of the land and $60 as rents, and for the defendants for one-half of the land. A judgment was rendered thereon in accordance with said verdict, and that each party pay the costs incurred by him. Plaintiff filed a motion for a new trial, which was overruled; plaintiff excepted and gave notice of appeal, filed his appeal bond and assignment of errors, and brings this case to this court by appeal."

The uncontroverted evidence shows that the land in controversy was originally the community property of A. J. Claunch and M. A. Claunch, his wife, both deceased. The deed introduced in evidence by appellant dated February 21, 1896, from W. A. Rice and others to C. G. Claunch, under which appellant claims to deraign title to the land in controversy, purports to convey to the said C. G. Claunch only the right, title and interest of the grantors in said deed in and to said land, which was not exceeding an undivided one-half interest therein. Appellant introduced in evidence the following instruments:

"Articles of agreement between C. G. Claunch and M. A. Claunch, his mother.

"To whom it may concern: Know all men by these presents: That I, C. G. Claunch, the first party of the first part of this agreement, do hereby agree and bind myself to take charge of the farm of myself and M. A. Claunch, the second party of the second part, I being equal and joint owner with her in said premises, I also further bind myself

to take charge of, to cultivate and keep up improvements on said premises and to pay taxes on same, and to pay out of my several crops the third and fourth out of all the produce raised on said premises, to the said M. A. Claunch for her maintenance and support.

"And it is further agreed that should I fail to comply with the first part of this agreement then the said M. A. Claunch shall have the right to take charge of aforesaid premises and rent it for her support.

"It is further agreed upon by the second party of the first part, M. A. Claunch, my mother, That at her death I shall become sole owner of all the right, claim and title of her part of the aforesaid premises, which was the property of the late A. J. Claunch, deceased.

"Signed and delivered this the 28th day of February, A. D. 1896. Witness: C. G. Claunch."

"To whom it may concern: Know all men by these presents: That M. A. Claunch, the second party of the foregoing agreement, the mother of C. G. Claunch, the first party of the first part, for and in the consideration of the agreement of the first part of the above agreement, faithfully executed and carried out by the said C. G. Claunch, it shall be and is the aim and purpose on my part to will and bequeath to said C. G. Claunch, at my death, to have and to hold by him, his heirs and assigns forever, all my right and title to the above named property of the late A. J. Claunch, my husband.

"Being of sound mind and right reason this shall be my last will and testament, in the presence of these witnesses I hereunto fix my name.

M. A. Claunch, her X cross.

"Witnesses: J. P. Claunch, W. A. Rice."

Appellant also introduced in evidence two deeds from C. G. Claunch and Ada Claunch, his wife, to him, appellant, purporting to convey the land in controversy, and a deed from appellant to G. E. Williams purporting to convey to him the land in controversy and one from G. E. Williams and wife reconveying said land to appellant.

Appellees proved up a deed from M. A. Claunch to them conveying a one-half interest in the land in controversy, dated the 12th day of October, 1904. The testimony fails to show that the taxes on the land in controversy were paid during its occupancy by C. G. Claunch and G. E. Williams, or by any one during such periods. The evidence shows that the said C. G. Claunch occupied said land under the contract with Mrs. M. A. Claunch four years, and that G. E. Williams occupied same under the deed to him from appellant for over one year. The evidence shows that after living on the place about four years, C. G. Claunch sold his interest in the same to J. T. Williams, appellant, who married the youngest daughter of Mrs. M. A. Claunch, and that after making this sale, C. G. Claunch moved off to Oklahoma. J. T. Williams lived on the place in the tenant house two years and a half, and then he sold to G. E. Williams, and he, J. T. Williams, moved off to Hunt County, about a hundred miles away. G. E. Williams was no relation to Mrs. M. A. Claunch, and he did not move on the place, but lived on the adjoining place about a half a mile away. About the time J. T. Williams sold to G. E. Williams in October, 1903, Mrs. M. A. Claunch

left the place and went to live with appellees, and continued to live with them until the following July or August, 1904, when she repossessed herself of the place in controversy, declaring her dissatisfaction with the way C. G. Claunch and J. T. Williams were trading and trafficing with the place, and declared she would do her own renting of the place; that she was not satisfied with the sale from J. T. Williams to G. E. Williams, and told her son, appellee A. B. Claunch, that he need not rent any land, that she was going to put him in possession of the place. After remaining on the place nearly a month, and on September 9, 1904, she had a stroke of paralysis, and appellees, who were living on a rented place several miles away, went to her and stayed with her and took care of her on the old home place about ten days, and then took her home with them and cared for her on their rented place about a month until they could gather their crop, and then, at her request, moved her on the old home place, she saying she wanted to die where her husband died. They cared for her there, sitting up with her, and caring for her day and night until she died on the 28th day of April, 1905. On the 12th day of October, 1904, Mrs. M. A. Claunch executed a deed to the land in controversy to appellees in consideration of their having taken care of her up to that time, and their agreement and promise to continue to do so up to her death. The evidence shows that they did take care of her from that time up to the date of her death. The evidence showed that at the time she executed and delivered this deed she had sufficient mental capacity to understand the character and nature of the transaction.

*Opinion.*—Appellant's first assignment of error complains of the first paragraph of the court's charge in instructing the jury to find one-half of the land sued for and one-half of its rental value for plaintiff, and in failing to instruct them to find for plaintiff all the land sued for and the rent for same; and his third assignment complains of the refusal of the court to give his special charge number 1 to the jury, which instructed them to find in favor of the appellant for the land in controversy, and for the rental value of same. We overrule these assignments. The court below evidently construed the instrument executed by Mrs. M. A. Claunch in favor of C. G. Claunch as testamentary; in other words, as conveying no present interest or title in the land to G. C. Claunch, but as evidencing an intention to will or bequeath her interest in same to him at her death in the event he complied with the conditions of his contract. This construction of said instrument, in our opinion, was correct. Under this view of said instrument she had the right to revoke it at any time prior to her death, and this she did, and the evidence shows that she was justified in doing so. DeBajligethy v. Johnson, 23 Texas Civ. App., 275; Carlton v. Cameron, 54 Texas, 77; Naugher v. Patterson, 9 Texas Civ. App., 176.

In view of the testimony adduced upon the issue of the mental capacity of Mrs. M. A. Claunch to make the deed to appellees to the land in controversy, and its proper construction of the instrument executed by Mrs. M. A. Claunch in favor of C. G. Claunch, mentioned above, the court did not err in giving to the jury the second paragraph of its charge complained of in appellant's second assignment of error.

For the reasons already stated, we overrule appellant's fourth and fifth assignments of error.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.