FRED F. DUNIHUE ET AL. v. H. H. HURD, EXECUTOR, ET AL.

Decided April 22, 1908.

**Will—Construction—Term "Heirs."**

A testator directed that the residue of his estate should be divided equally between a brother and sister, then living, "or their heirs, and the heirs of my deceased sisters," naming two sisters who were dead when the will was executed; the sister living when the will was executed died before the testator, and the living brother died afterwards, both leaving heirs. Held, the estate was properly divided into four equal parts and divided among the heirs *per stirpes*.

Appeal from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*Newton & Ward* and *Salliway & McAskill*, for appellants.—The court erred in its construction of the will in question. Tendick v. Evetts, 38 Texas, 275; Weller v. Weller, 22 Texas Civ. App., 250, 251; Haley v. Gatewood, 74 Texas, 281; 2 Underhill on Wills, secs. 561, 562, pp. 737, 738; Id., sec. 623, p. 832; Id., sec. 606, p. 810; 2 Jarman on Wills, p. 756, par. 5; Id., pp. 760, 761, and exhaustive notes; 30 Am. & Eng. Ency. Law, pp. 730 to 733, and exhaustive notes cited; Ramsey v. Stephenson, 34 Ore., 408; 56 Pac., 520; Rohrer v. Burris, 27 Ind. App., 344; 61 N. E., 202; Kling v. Schnellbecker, 107 Iowa, 636; 78 N. W., 673; Johnson v. Bodine, 108 Iowa, 594; 79 N. W., 348; Allen v. Allen, 13 S. C., 512; Johnson v. Knight, 117 N. C., 122; 23 S. E., 92; Mooney v. Purpus, 70 O. St., 57; Walker v. Griffin, 71 Wheaton, 379; McIntire v. McIntire, 192 U. S., 116; Balcom v. Haynes, 14

Allen, (Mass.), 204; Hill v. Bowers, 120 Mass., 135; Ballentine v. Foster, 128 Ala., 638; 30 So., 483; Almand v. Whitaker, 113 Ga., 889; 39 S. E., 395.

Two of the beneficiaries mentioned in item 5 of the will, to wit: W. J. McLane and Mrs. C. A. Williamson, being alive at the date of the execution of the will by the testator, Hiram H. McLane, conclusively determines that no reference can be had to article 1695, Revised Statutes, relating to descent and distribution, for the purpose of ascertaining the quantum of interest in the estate bequeathed to them. McIntire v. McIntire, 192 U. S., 116; 24 Sup. Rep., 197; Blackler v. Webb, 2 P. Wms., 383; Bryant v. Scott, 28 Am. Dec., 590.

*T. J. Newton, C. A. Davies,* for appellees.—The language of every will must be construed and viewed in the light of the statute of the jurisdiction under which it is written and is to be enforced. Paul v. Ball, 31 Texas, 14; In re Sipes Estate, 30 Penn. Sup. Ct., 145-50; Coates v. Burton, 77 N. E., 311; 191 Mass., 180; 30 Amer. & Eng. Enc. of Law, p. 730; Kirkpatrick v. Kirkpatrick, 64 N. E., 267, 197 Ill., 144.

Where the words "or their heirs" are used in connection with legatees in a will to show a taking by the heirs by substitution the distribution will be per stirpes. 30 American & Eng. Enc. of Law, 726; Bethel v. Major, 68 S. W., 631; Crozier v. Cundall, 35 S. W., 546; Ruff v. Baumback, 70 S. W., 828; Taylor v. Fauver, 28 S. E., 317; Siders v. Siders, 48 N. E., 277; (These cases are grouped in the 1898 Supp. of the Century Digest, part second, col. 6505); Best v. Swift, 47 S. W., 253; Walker v. Webster, 95 Va., 377; American Digest, 1898, 6499; Bethea v. Bethea, 116 Ala., 265; American Digest, 1897, 5515-5516; Armstrong v. Sheldon, 43 App. Div. (N. Y.), 248; American Dig. 1902-A, 4551-Sec. 141; Am. Dig. 1902-A, col. 4451-Sec. 141, note (d); Kirkpatrick v. Kirkpatrick, 64 N. E., 267; In re Thompson Estate, 31 Leg. J. (N. S.), 306; 10 Pa. Dist. Rep., 276; MacLane v. Williams, 42 S. E., 485; 59 L. R. A., 125; Lee v. Baird, 44 S. E., 605; In re Miller's Estate, 26 Pa. Sup. Ct., 453; In re Sipes Estate, 30 Pa. Sup. Ct., 145-50; Van Houten v. Hall, 64 Atlantic, 460; American Digest, 1906-B, 5745, sec. 142 (N. J.); In re Fleck's Estate, 28 Pa. Sup. Ct., 466.

JAMES, CHIEF JUSTICE.—The suit is one for the construction of item 5 of the will of Hiram H. McLane. The case is before us on the findings of the trial judge. The clause of the will in question reads: "Item 5. The remaining portion of my estate I will and direct shall be equally divided between my brother, W. J. McLane, and sister, C. A. Williamson, or their heirs, and the heirs of my deceased sisters, Ann Dunihue and Emily J. Kelley."

The findings show that when the will was executed (on August 25, 1905,) the brother, W. J. McLane, and sister, Mrs. C. A. Williamson, were alive, but that the former died since the death of the testator and the latter died before the testator. That the other persons named as sisters in the clause were dead when the will was executed.

That W. J. McLane left eight heirs; that Mrs. Williamson left as

heirs two children and one grandchild; that Mrs. Emily Kelley has heirs, one son and three daughters; and Ann Dunihue left as heirs eight children, one of whom died prior to the death of the testator leaving five daughters, and a son who died subsequent to the death of the testator leaving as his heirs a widow and two children. The findings name the parties who stand in the relation of heirs and all of the parties appear to have been before the court.

The court construed the clause as vesting one fourth of the residue of the estate in Wm. J. McLane, one fourth in the heirs of Mrs. C. A. Williamson, one fourth in the heirs of Mrs. Ann Dunihue and one fourth in the heirs of Emily J. Kelley.

Appellants contend that W. J. McLane, Mrs. Williamson and the heirs of Ann Dunihue and Emily J. Kelley are entitled to take *per capita,* that is to say, that the words "shall be equally divided between my brother, W. J. McLane and sister C. A. Williamson or their heirs" show the intention to be that said brother and sister, or the heirs of either, should take *per stirpes,* but that the words "and the heirs of my deceased sisters, Ann Dunihue and Emily J. Kelley" denote the intention that each of the heirs of said sisters were to take the same interest as would the said W. J. McLane and C. A. Williamson have taken were they still alive. That they, *per capita,* and W. J. McLane and C. A. Williamson or their heirs respectively *per stirpes,* were entitled under the clause to share equally, the result of which would be as appellant contends, a division of the estate into fourteen equal parts, the heirs of W. J. McLane and C. A. Williamson taking two parts, the heirs of Mrs. Kelley four parts, and the heirs of Mrs. Dunihue eight parts.

In determining who were the heirs of the persons named in the clause the court had recourse to the statute of descent and distribution, which was proper. This is because the will did not define whom the testator intended to designate by the use of the word "heirs." How the heirs, when ascertained, should take is to be determined, if possible, from the terms of the will itself.

The principal reason which governed the District Judge in the interpretation reached by him is that in the same clause and in the same connection, the testator clearly uses the words "heirs" to designate a class and in the substitutional or *per stirpes* sense. The devise to W. J. McLane and C. A. Williamson by name, "or their heirs" makes it manifest that in this disposition, at least, the testator was dealing with the heirs of a brother and sister as a class and not as individuals, and it is the natural conclusion that he had the same scheme in mind when he deals with the heirs of his other sisters. The purpose being to ascertain the intention of the testator where this is obtainable, though faintly (Van Houten v. Hall, 67 Atl. Rep., 1052), from the context of the will itself, the technical rules governing the construction of wills, which upon their face afford no such indication, are of no consequence. We, therefore, deem it unnecessary to discuss the conflicting cases cited in the briefs. The judgment is affirmed.

*Affirmed.*

Writ of error refused.