## GRUBB v. ANDERSON.
### No. 1061.

Court of Civil Appeals of Texas. Waco.
April 30, 1931.

Rehearing Denied May 28, 1931.

Oxford & McMillan, of Stephenville, for appellant.

S. R. Allen, of Hamilton, for appellee.

ALEXANDER, J.

This was an application by Gertrude Anderson for the probate of the alleged last will and testament of ·Mrs. Abbie Grubb, deceased. The probate court of Hamilton county admitted the will to probate, and, upon an appeal to the district court of Hamilton county in a trial before the court without a jury, a like order was entered. Sam M. Grubb appeals.

The will was as follows:

"Hico, April 10th, 1917.
"I, Mrs. Abbie Grubb, wife of M. W. M. Grubb, mother of Sam M. Grubb, do testify that I let Sam M. Grubb have $100. One Hundred Dollars in cash out of the money belonging to the Heirs of Mrs. Sallie E. Anderson, which is at the present time unpaid, except six Dollars interest been paid, and further more my desire that this note shall be. paid out of my estate at my death to the Anderson heirs. Mrs. Abbie Grubb.
"W. M. Grubb
"Witness
"Miss Mable Grubb
"Witness and Gor."

The appellant contends that the instrument offered for probate is not a will, but is a contract to pay a debt. In order for an instrument to be a will, it is sufficient if it is to be effective only at the death of the testator and is revocable during the testator's life. 40 Cyc. 1084; De Bajligethy v. Johnson, 23 Tex. Civ. App. 272, 56 S. W. 95; Belgarde v. Carter (Tex. Civ. App.) 146 S. W. 964; 28 R. C. L. 60; Harris v. Harris (Tex. Civ. App.) 276 S. W. 964, par. 3. The mere

fact that the instrument recites a reason or an apparent consideration for the making thereof does not destroy its effect as a will if it is in fact intended as such. 40 Cyc. 1079; Ainsworth v. Briggs, 49 Tex. Civ. App. 344, 108 S. W. 753; Williams v. Claunch, 44 Tex. Civ. App. 25, 97 S. W. 111. The courts in determining the intent of the testator will look to the language used in the purported will, his situation at the time of the making thereof, as well as his conduct wtih reference thereto thereafter. Low v. Low (Tex. Civ. App.) 172 S. W. 590; Darragh v. Barmore (Tex. Com. App.) 242 S. W. 714, 715, par. 5; Plsek v. Kostroun (Tex. Civ. App.) 6 S.W.(2d) 813, par. 2; Id. (Tex. Com. App.) 15 S.W.(2d) 220, par. 6; Page v. Barnes (Tex. Civ. App.) 258 S. W. 264. The instrument offered for probate does not appear to have been delivered to the Anderson heirs as a contract. The recitation of the fact that the testatrix had used funds belonging to the beneficiaries in making a loan to her son, the natural heir of her estate, and that such funds had not been repaid by the son, was but the expression of the reason for the making of what otherwise would have appeared to have been an unnatural will. The instrument was to become effective only at the death of the maker and was at all times subject to her control and was therefore revocable.

The appellant also contends that the instrument does not attempt to make any disposition of the property of the deceased, and, moreover, it does not sufficiently designate the amount of the property, if any, so disposed of. We think the will undertook to bequeath to the devisees so much of the property of the testatrix as was necessary to pay the debt evidenced by the note executed by her son for the money so advanced to him out of the funds belonging to the devisees. It was not necessary that the will, by its own terms, fix the exact amount of the bequest. It was permissible to refer to the note for the data to be used in calculating the amount. Adams v. Maris (Tex. Com. App.) 213 S. W. 622; Allday v. Cage (Tex. Civ. App.) 148 S. W. 838; In re Bresler's Estate, 155 Mich. 567, 119 N. W. 1104. The amount of the bequest was capable of being made certain by the use of the means referred to in the will.

█ It is true that the will did not definitely describe the note that was to be paid. The court permitted the introduction of oral testimony for the purpose of clarifying this issue. It appears that in 1908 Mrs. Sallie Anderson, who was a daughter of the testatrix, was in the insane asylum. Her children, who were minors, owned some funds that were being handled by the testatrix and her husband, W. M. Grubb. They loaned their son, Sam M. Grubb, $100 of the money belonging to the Anderson minors and took his note for that amount payable to "W. M. Grubb for heirs of Mrs. Sallie Anderson." This note was never paid. It was attached to the will. There was evidence that this was the only note ever executed by Sam M. Grubb to his father or mother. We think this evidence makes it clear as to what note was referred to as the one that was to be paid out of the testatrix' estate. We also think this testimony was admissible for the purpose of showing such intent by the testatrix. It is true that parol testimony is not admissible to contradict the terms of a will nor to show an intention evidenced by other language not used therein, yet extrinsic evidence is admissible to show the situation of the testator in relation to persons and things around him in order that his will may be read in the light of the circumstances in which he was placed at the time of making it. The law admits such testimony to enable the court to discover the meaning attached by the testator to the words used in the will, and for this purpose every material fact that will enable the court to identify the person or things mentioned in the instrument is admissible in order to place the court in the situation of the testator when he used the words in the will. Cleveland v. Cleveland, 89 Tex. 451, 35 S. W. 145, at page 147; Hawes v. Foote, 64 Tex. 22; Lenz v. Sens, 27 Tex. Civ. App. 442, 66 S. W. 110, 111; Hunt v. White, 24 Tex. 652; Lightfoot v. Poindexter (Tex. Civ. App.) 199 S. W. 1152, par. 6 (writ ref.).

██ The appellant also contends that the will does not sufficiently identify the beneficiaries therein. We think the terms of the will make it clear that it was the heirs of Mrs. Sallie Anderson who were intended as the beneficiaries. If we are mistaken in this, the parol testimony removes all doubt. Lightfoot v. Poindexter (Tex. Civ. App.) 199 S. W. 1152, par. 6 (writ of error ref.). The statute of descent and distribution may be resorted to for the purpose of determining who were such heirs. Dunihue v. Hurd, 50 Tex. Civ. App. 360, 109 S. W. 1145 (writ ref.); Craig v. McFadden (Tex. Civ. App.) 191 S. W. 203, par. 1 (writ ref.); 28 R. C. L. pp. 247, 273.

Finding no error, the judgment of the trial court is affirmed.