### PAGE et al. v. BARNES et al.    (No. 34.) *

(Court of Civil Appeals of Texas.    Waco. Jan. 17, 1924.    Rehearing Denied Feb. 14, 1924.)

1. Wills ⬥324(1) — "Animus testandi" jury question.

Whether a letter sought to be probated as a will showed, on its face, no "animus testandi," held a question of fact for the jury.

2. Wills ⬥93—Surrounding facts and circumstances admissible to show testamentary intent.

Whether the maker of an instrument intended it as a will should be gathered from its face if possible, but, when it is uncertain, ambiguous, or of doubtful construction, parol evidence of the surrounding facts and circumstances is admissible to show such intent.

3. Trial ⬥194(9)—Submission of question as to testamentary intent held not erroneous as on weight of testimony.

In proceedings to probate a letter as a will, submission of the question whether deceased intended the letter to be testamentary when he wrote it held not erroneous, as on the weight of the testimony.

4. Trial ⬥260(1)—Refusal of charges, fully covered by court's charge, not error.

Failure to give charges fully and completely covered by the court's charge is not error.

5. Wills ⬥55(1)—Finding that testator was of lawful age held supported by evidence.

In probate proceedings, evidence held sufficient to support a finding that testator was of lawful age.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Proceedings by Katherine H. Barnes and others to probate the will of Edwin D. Horne, deceased, opposed by Elsie M. Page and husband. Judgment for proponents, and opponents appeal. Affirmed.

Allan V. McDonnell, of Waco, and Ben H. Rice, Jr., of Marlin, for appellants.

Frank Oltorf, of Marlin, for appellees.

BARCUS, J.    Appellees propounded for probate a letter written by Edwin D. Horne, of date February 18, 1918, addressed to his brother, as the last will and testament of said Edwin D. Horne. When the letter was written the deceased was and had been for a number of years in the United States navy. The appellee Katherine Barnes was a niece of the deceased.

This is the second appeal; the first opinion (Barnes v. Horne) being reported in 233 S. W. 859, where the full contents of the letter are set forth, and it is unnecessary to repeat here. Appellant Elsie Horne having married J. C. Page since the former trial, her husband joined pro forma as a party contestant.

The case was tried before a jury, and, in answer to special issues submitted and additional facts found by the court, the letter was admitted to probate as the last will and testament of Edwin D. Horne. Appellants present a number of assignments of error, but group them under five points or propositions.

[1] (1) Appellants contend that the letter should not have been probated because it shows on its face that it does not indicate an "animus testandi." This was a question of fact which was submitted to the jury, who found against appellants' contention, and the evidence supports said finding.

[2] (2) Appellants contend that you cannot resort to evidence aliunde the instrument itself to show the testamentary intent of the party who executed the will. In construing an instrument we are to look to the intention of the maker, and when it is possible such intention should be gathered from the face of the instrument, but, when the instrument is uncertain and its language ambiguous or of doubtful construction, resort should be had to the surrounding facts and circumstances that tend to show the intention of the maker in executing the instrument. The controversy in this case being the intended purpose of the deceased in writing the letter propounded for probate, and the issue having been joined by the pleadings, it was proper for the court to admit testimony which would tend to show the intention of the deceased at the time he wrote the letter. Barnes v. Horne, supra; Hunt v. White, 24 Tex. 643; McHugh et al. v. Gallagher, 1 Tex. Civ. App. 196, 20 S. W. 1115; Stone v. Robinson (Tex. Civ. App.) 180 S. W. 135; Ainsworth v. Briggs, 49 Tex. Civ. App. 344, 108 S. W. 753.

[3] (3) Appellants complain of the court's charge as being on the weight of the testimony. We do not think there is any merit in this contention. The trial court in his charge, after giving the appellees' theory of the instrument, gave appellants' theory, and submitted the following question:

---

"When Edwin D. Horne wrote the letter dated February 18, 1918, addressed to A. C. Horne, did he intend same to be testamentary in character; that is, to be looked to as a declaration or direction as to how his property should go at his death? Answer 'Yes' or 'No.'"

The jury answered said question "Yes."

[4] (4) Appellants complain because of the court's failure to give certain charges requested by them. In this there is no error. The charge given by the court was full and complete.

[5] (5) Appellants contend that the verdict is not supported by the evidence, in that it was not shown that the deceased was of lawful age when he executed the will. The evidence shows that in another letter written about the same time as the one which was offered in evidence the testator stated his age to be 25 years. The deceased had been in the navy for a number of years. The court found that the testator was of lawful age, and the evidence supports said finding.

We have carefully examined the entire record and all the assignments presented by appellants, and do not think any of them show reversible error. The issue involved with reference to the testamentary intention of the deceased in writing the letter was one of fact, and, the matter having been presented fairly to the jury, and the jury having found in favor of the proponents, there was no error in the trial court probating same.

The judgment of the trial court is affirmed.