J. W. HINSON, Jr., Appellant,

v.

Mrs. Ethel Mae HINSON, Appellee.

No. 12769.

Court of Civil Appeals of Texas.

Galveston.

Dec. 2, 1954.

Rehearing Denied Dec. 16, 1954.

Hill, Brown, Kronzer & Abraham and W. W. Watkins, Houston, for appellant.

Byron G. McCollough, Houston, for appellee.

CODY, Justice.

The following instrument was executed and acknowledged by J. W. Hinson on the 20th day of April, 1951 before a notary public in and for Harris County and not otherwise attested:

"In the name of God, Amen

"I, J. W. Hinson Sr. of Houston in the County of Harris and State of Texas being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do therefore, make, ordain, publish and declare, this to be my last Will and Testament.

"First—I order and direct that my Executrix hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second—I give, devise and bequeath to my Wife Ethel Mae Hinson my entire estate, both personal and Real Estate, I here-

by leave to said Ethel Mae Hinson, all of my earthly possession to be hers as long as she lives, if she does not ever remarry, in event, said Ethel Mae Hinson Should remarry, one third of entire estate is to be given to my Son, J. W. Hinson Jr. as soon after marriage as convenient. At the death of said Ethel Mae Hinson, the estate is all to be divided equally between our three children, Mrs. Jenevieve Sandhop, Mrs. Elenor Jean Pratt and J. W. Hinson Jr. if either of the three heirs are deceased and has no children, his or her part will convert to the estate and be divided equally by the living heirs.

"I appoint J. W. Hinson Jr, R. C. Pratt and Edwin G. Sandhop Jr. to execute and divide the estate after the death of said Ethel Mae Hinson. It is my will, that my wife, Ethel Mae Hinson, has the power to sell or dispose of anything pertaining hereto, as she may see fit.

"Lastly, I make, constitute and appoint J. W. Hinson Jr, R. C. Pratt and Edwin G. Sandhop (after her death) to be Executor of this, my last Will and Testament, hereby revoking all former Wills by me made.

"/s/ J. W. Hinson"

Thereafter J. W. Hinson, Sr., executed in Harlingen, Texas, on August 24, 1951, the following written instrument, attested as therein indicated:

"Hotel Donna  Hotel Cortez
 Donna, Texas  Weslaco, Texas
   Hotel Madison
   Harlingen, Texas
     August 24, 1951
"Supplementary To My Last Will, It Still Stands As Is.

To my wife Ethel Mae Hinson.

My Will is in brief case, zipper comp. copy to wife. Copy to my son J. W. Hinson, Jr. Everything is yours Darling. Pay the home off. Sell my car. Have Will Probated at once. Go to Judge Ewing Boyd, tell him who you are. He will give you all Legal Advice needed. He is my friend. Sell all of my guns & things you do not need. Sell the home if you like but buy another one where you wish to live. Take care of everything I leave, you will need it all.

"I love you Darling so much more than my own life. Bye. J. W. Hinson.

"Mrs. R. A. Pratt Witness
C. H. Leverett
Mrs. C. H. Leverett"

Thereafter, on the 16th day of September, 1952, the said J. W. Hinson died in Harris County, Texas, the place of his legal domicile at and before his death, without having purportedly undertaken to revoke either of the above set-out instruments. Thereafter, appellee here, Mrs. Ethel Mae Hinson, caused to be probated in the County Court of Harris County, as the last will and testament of J. W. Hinson, Sr., the two above set-out instruments. J. W. Hinson, Jr., who had contested the application of Ethel Mae Hinson to probate the aforesaid instruments, appealed from the judgment of the County Court to the District Court and there, by a trial de novo, the District Court declined to probate as the "Last Will and Testament" or as any part of the last will and testament of, J. W. Hinson, Sr., the instrument executed and acknowledged by J. W. Hinson, Sr., before a notary public on April 20, 1951, and set out hereinabove. However, the District Court did probate in said trial de novo the writing dated August 24, 1951 as the last will and testament of J. W. Hinson, Sr. and from the judgment of the District Court, so probating as a holographic will of J. W. Hinson, Sr., the instrument of August 24, 1951, this appeal is taken.

The instrument of April 20, 1951 was on a printed form and was otherwise typewritten except as to the signatures of J. W. Hinson, Sr. and the notary public.

Appellant (contestant), J. W. Hinson, Jr., has predicated his appeal upon a single point, reading: "The trial court erred in holding that the holographic instrument of August 24, 1951 was a testamentary instrument * * *." Appellee presents two counterpoints answering appellant's point, and also presents an independent cross-

point. Appellee's counter-points are to the effect that the holographic instrument of August 24, 1951 was a testamentary instrument (1) because it is apparent therefrom (without reference to any other instrument) that the decedent intended thereby to make disposition of his entire estate effective at his death, and (2) because the question of whether such instrument shows on its face that it was not written animus testandi is a question of fact which was found by the trial court in favor of proponent.

Appellee's cross-point seeks, in the event of a reversal or modification of the judgment of the trial court, to present the point that the trial court erred in excluding from probate along with the holographic instrument the instrument of April 20, 1951, "which" according to appellee "was sufficiently identified and referred to that it might properly be incorporated therein by reference or by republication."

■ We have concluded that we must overrule appellant's point and that the court was warranted in holding that the holographic instrument of August 24, 1951, was a testamentary instrument.

■ The handwritten instrument aforesaid shows on its face, as a matter of law, that it was written by J. W. Hinson, Sr., in contemplation of death. While it is not of controlling moment whether one who executes an instrument knows it is of testamentary character, it is quite evident here that J. W. Hinson did consider that the handwritten instrument of August 24, 1951, was testamentary in character. He labeled it "Supplementary to My Last Will." and he certainly did not suppose, when he took pains to secure at least one person to attest said instrument as a witness, that he was writing an ordinary private and personal letter to his wife. It is certainly true that had the deceased, by the handwritten instrument in question, merely notified his wife that, by force of the instrument of April 20, 1951, which he mistakenly supposed was a will, he left everything to her, said instrument would not be one of testamentary character. Caywood v. Caywood, Tex.Civ.

App., 216 S.W.2d 821, writ of error refused. But the declaration made by the deceased to his wife in the handwritten instrument that "Everything is yours Darling" is in and of itself sufficient to support the court's presumed finding that the deceased intended thereby to pass to his wife at his death everything which he owned, and the surrounding facts which we have already adverted to, such as designating the instrument as supplementary to his last will and having the same attested by witnesses, further would tend to support the trial court's finding that the instrument was testamentary in character.

■ An instrument is testamentary in character when it makes a disposition of the testator's property or a part thereof. Barnes v. Horne, Tex.Civ.App., 233 S.W. 859, 860, and authorities there cited; Page v. Barnes, Tex.Civ.App., 258 S.W. 264, w. o. j. The last cited case is the same as the case first cited, but upon a second appeal. In the Barnes case, in the course of a letter which one brother wrote to another, he referred to a niece of theirs and stated, " 'You are right when you said Katherine should have an education, * * *. I will do everything I can for her and everything I have is hers if I happen to cash in.' " The court held that it was a question of fact for the determination of the jury that the language of the letter was of testamentary character. Again, the Commission of Appeals, in Adams v. Maris, 213 S.W. 622, 623, sustained the jury finding that the following described instruments were testamentary in character: " '(1) An envelope on which is written horizontally the words, "Henry Boyce," and across the end, the word, "Notes." (2) A sheet of paper apparently taken from a small writing tablet, and on which was written the words: "Henry, please (sic) except this [promissory note for $14,000.00] (to) you & F. Y. Adams for the kindness shown me. (Signed) E. Vanlaw." ' "

■ In Vol. 44, Tex.Jur., p. 542, it is stated in substance that a will is a means of transferring property (1) which is inoperative and ineffectual to confer any right or

interest during the lifetime of the maker, and (2) which is revocable by the maker, and (3) that it operates to transfer the maker's property on the occurrence of his death.

Since there was evidence before the court which would sustain a finding by the court of the presence of each of these three essential elements of a will in the holographic instrument aforesaid, the court properly ordered it probated as the last will and testament of J. W. Hinson, Sr.

Appellee does not urge her independent cross-point in such form as to require or authorize a ruling thereon.

The judgment of the court is affirmed.